# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TODDRICK STEVENSON, )
)
    Movant, )
)
v. )   Case No. CV411-297
)             CR410-087
UNITED STATES OF AMERICA )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Toddrick Stevenson pled guilty to drug offenses, received a 120 month sentence, and took no appeal. Doc. 35.[1] He has filed a 28 U.S.C. § 2255 motion, however, and argues that his lawyer was ineffective for, inter alia, failing to litigate on appeal the application of the Fair Sentencing Act of 2010 (FSA) to his sentence.[2] Docs. 37 & 38. He cites

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination, which may not always line up with each paper-document's pagination.

[2] Stevenson was indicted in March, 2010 for, inter alia, violating 21 U.S.C. § 841(a)(1) and (b)(1)(B), (b)(1)(C) and (b)(1)(D): "Possession with Intent to Distribute 5 Grams or More of Cocaine Base," and Marijuana." Doc. 1 at 2 (Count 3). He also was charged with violating 18 U.S.C. § 924(c), carrying a firearm during and in relation to a drug trafficking crime, doc. 1 at 2 (Count 2), for which a mandatory minimum 5-year consecutive sentence applied. Doc. 2; Presentence Investigative Report (PSI) at 12 ¶¶ 50-53. The PSI's findings, accepted by the sentencing judge, calculated defendant's sentence based on, among other things, the fact that his

*United States v. Rojas*, 645 F.3d 1234, 1239-40 (11th Cir.), *vacated for reh'g en banc*, 659 F.3d 1055, in arguing that he would have received a lower sentence but for that error. Doc. 38 at 2.

*Rojas* issued after the sentencing in this case. It held that the FSA, which addresses sentencing disparities based on how cocaine is distributed, *see Martinez v. United States*, 2011 WL 6780882 at * 4 (M.D. Fla. Dec. 27, 2011) (explaining the FSA's sentence-reducing effects on crack versus powder-based cocaine offenses), applies to defendants who committed crack cocaine offenses before the FSA's August 3, 2010 enactment, but who were sentenced thereafter. *Rojas*, 645 F.3d at 1240.

---

offense involved 12.37 grams of cocaine base. It thus concluded that two mandatory, 5-year consecutive sentences were warranted (hence, it recommended 120 months). PSI ¶¶ 50, 52; doc. 40 at 4. Defense counsel Joshua Joseph Campbell argued, prior to sentencing, that

> [t]he Fair Sentencing Act of 2010 ("FSA"), also called S.1789, which was signed into law on August 3, 2010, effectively increases the threshold to 28 grams of cocaine base to trigger the 5 year mandatory minimum consecutive sentence. Defendant pled to 12.37 grams of cocaine base. Therefore, under the FSA, the defendant would not face a mandatory minimum consecutive sentence of 5 years on Count 3, if it were applied retroactively. Defense counsel objects to the application of a 5 year mandatory minimum consecutive sentence to the extent that the FSA could apply retroactively. However, it appears to defense counsel that the FSA either does not apply retroactively or the United States Courts have not yet decided how to apply the FSA to 21 U.S.C. § 841(a)(1), upon his best research of the matter to date.

Doc. 31 at 1. Campbell filed that memorandum on October 19, 2010. Doc. 31. The Court sentenced Stevenson on November 15, 2010. Doc. 35. He thus was indicted before the FSA's effective date and sentenced after it. Docs. 1 & 35. As will be discussed *infra*, Eleventh Circuit law sided with Campbell's position in 2011.

*Rojas* distinguished *United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1833 (2011), because *Gomes* denied the FSA's benefit to a defendant who committed his crimes *and was sentenced* before the FSA took effect. *Rojas*, 645 F.3d at 1237. Again, Stevenson committed his offenses before the FSA's enactment but was sentenced after it. *See supra* n. 2.

Some circuits disagree with *Rojas*, *see United States v. Lawrence*, 662 F.3d 551, 559 (D.C. Cir. 2011) (collecting cases), but the government is arguing before the United States Supreme Court that it was correctly decided. Doc. 41-1 (its *certiorari* petition in *United States v. Hill*, 417 F. App'x. 560 (7th Cir. 2011), *cert. granted*, ___ U.S. ___, 2011 WL 3472365 (Nov. 28, 2011)). It thus seeks its nationwide application. Doc. 4 at 4.

Stevenson, the government thus concludes, should have received the FSA's benefit -- even though *Rojas*, now vacated, has thus been deprived of its precedential effect. Doc. 41 at 4. The government also waives procedural default. (Stevenson failed to raise the FSA on appeal; indeed, he took no appeal, which is why he now argues that Campbell was ineffective.) *Id.* Hence, the "government concedes that Stevenson's

3

§ 2255 motion should be granted." *Id.*[3] In that there is no longer any case or controversy and the government's position is otherwise supported here, Stevenson's § 2255 motion (doc. 37) should be **GRANTED**, which means he should be resentenced under the FSA.

**SO REPORTED AND RECOMMENDED** this __9th__ day of January, 2012.

                                                    */s/ G.R. Smith*
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA

---

[3] Though it does not explicitly say so, it by definition agrees that defense counsel was ineffective for failing to appeal and thus litigate the FSA issue -- one that that was percolating among the appellate courts at the time, *United States v. Brewer*, 624 F.3d 900, 910-915 (8th Cir. 2010) (partial dissent explaining the FSA's history and application) -- and thus, as *Rojas* demonstrates, was a viable issue at the time.